KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—
October, 1881.

MATTER OF HUDSON.

*In the matter of the estate of* HENRY C. HUDSON, *deceased.*

Where an application is made, pursuant to Code Civ. Pro., § 2695, for ancillary letters under a will proved in a court of another State, by whose laws wills are admitted by the oral direction of the court, without any written "judgment, decree or order,"—that fact should appear by the certificates of exemplification, or, if such a certificate is refused, then by the affidavit of a person having knowledge of those laws.

*It seems,* that a will proved before the Surrogate of a county of the State of New Jersey,—it appearing, by the certificate of the Secretary of that State, that such Surrogate has jurisdiction, and that he is *the clerk* of the orphan's court of his county, which is a court "duly constituted," etc. (Code Civ. Pro., § 2705), may, by a liberal construction, be deemed to have "been admitted to probate by a competent court," within the meaning of Code Civ. Pro., § 2695; the authorized and authenticated act of the clerk, an officer and component part of his court, being considered as performed by the latter.

THIS was an application by Wm. H. Brokaw, for ancillary letters testamentary, under the will of decedent. The facts appear sufficiently in the opinion.

SULLIVAN & CROMWELL, *for petitioner.*

THE SURROGATE.—There is a difficulty in the way of granting the decree asked for, to which I called attention when these papers were before me on a former occasion.

No exemplified copy of the judgment, decree or order admitting the will to probate has been presented to this court, as required by § 2695 of the Code. If, under the laws of the State of New Jersey, where the will was proved, no such written judgment, decree, or order is made, but wills are admitted to probate on the mere oral direction of the court, that fact should appear by the certificates of exemplification, or, if the officials signing said certificates refuse to certify to that fact, then by the affidavit of some person having knowledge of the laws of New Jersey.

It must also be shown that the will was admitted to probate by a court duly constituted under the laws of New Jersey (Code, §§ 2695, 2705). · It appears, by the record of the proceedings and the certificates of exemplification, that the said will was proved before the Surrogate of Union county; he is nowhere described or spoken of as the judge of a court; on the contrary, the Secretary of State, who is to certify that the court, by which the will was admitted to probate, was properly constituted (Code, § 2705), certifies that the Orphan's court of Union county is a duly constituted court under the laws of the State of New Jersey, and that the Surrogate of said county is also the clerk of said Orphan's court. He further certifies that the said Surrogate had jurisdiction to admit wills to probate, and to grant letters testamentary thereon, and that the seal of the said court is the seal of the said Surrogate.

At first, I had doubts whether it could be said that the will had been admitted to probate by a court; but further reflection has satisfied me that under a liberal construction of the above sections of the Code, which

construction is entitled to prevail, the will may be considered as having been admitted to probate by the Orphan's court acting through its clerk, the Surrogate of the county.   Mr. Burrill, in his work on Practice, enumerates, among the circumstances essential to the existence of every court, that it should possess the proper officers to aid it in the performance of its duties (vol. 1, p. 35).   In this case, the court was by law constituted with the Surrogate of the county as its clerk.   He therefore became a constituent part of the court, as well as its judges, and in the exercise of the powers expressly conferred upon him in his official capacity, his acts may well be considered the acts of the court, when such a construction is necessary to facilitate the administration of justice.

Thus it is that, by degrees, under the common law of practice, many acts which originally emanated directly from the courts, and took place in their immediate presence, came to be performed by the clerks exclusively in their offices (*Burrill's Practice*, 40).

If the laws of New Jersey had conferred upon each of the judges of the Orphan's court the same jurisdiction, to admit wills to probate, which it has conferred upon the Surrogate, there would be little doubt that a will admitted to probate by one of said judges would be considered as having been admitted to probate by the *court*, within the meaning of § 2695 of the Code.   The Surrogate, as we have seen, is a constituent part of the Orphan's court, as well as its judges, and the admission of the will to probate by him must be viewed in the same light.

Ordered accordingly.